IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> EVAN ALLEN BESTON, <br><br> Defendant. | Cause No. CR-07-73-GF-BMM-RKS <br><br> **FINDINGS AND RECOMMENDATIONS TO REVOKED DEFENDANTS SUPERVISED RELEASE** |

## I. Synopsis

Mr. Beston was accused of violating his conditions of supervised release by consuming alcohol. He admitted to the violation. Mr. Beston's supervised release should be revoked. He should be placed in custody for 10 months, with 40 months supervised release to follow.

## II. Status

Mr. Beston plead guilty in 2007 to Arson. Doc. 19. He was sentenced to 16 months incarceration, with five years supervised release to follow. Doc. 26. The sentence was made consecutive to a sentence Mr. Beston was serving for a separate

1

juvenile arson offense.  Doc. 26.  He began the supervised release in June 2012.  Doc. 43.  Mr. Beston's supervised release was revoked in July 2013 because he violated conditions by using alcohol and methamphetamine.  Docs. 38, 40.  He was ordered to serve 10 months in custody, with 50 months supervised release to follow.  Doc. 40.  Mr. Beston began his current term of supervised release on April 1, 2014.  Doc. 43.

**Petition**

The United States Probation Office filed a petition on April 24, 2014, asking the court to revoke Mr. Beston's supervised release.  The petition accused Mr. Beston of consuming alcohol on April 19, 2014, in violation of Special Condition 5 of his supervised release.  Doc. 43.  Based on the petition, United States District Judge Brian Morris issued a warrant for Mr. Beston's arrest.  Doc. 44.

**Initial appearance**

Mr. Beston made an initial appearance before the undersigned on April 29, 2014, in Great Falls, Montana.  Mr. Beston was accompanied at the initial appearance by Federal Defender Anthony Gallahger, who was appointed to represent Mr. Beston.  Assistant United States Attorney Jessica Betley represented the United States.

Mr. Beston said he had read the petition and understood the allegations.  Ms.

2

Betley warned that Mr. Beston could be incarcerated for up to 36 months if his supervised release is revoked. The undersigned explained Mr. Beston's rights, including the right to a revocation hearing before United States District Judge Brian Morris, who is presiding over the case.

Mr. Gallagher said he and Mr. Beston were prepared to proceed with the revocation hearing before the undersigned. Mr. Beston and Ms. Betley both consented to the jurisdiction of a magistrate judge. The hearing commenced.

**Revocation hearing**

Mr. Beston appeared at the revocation hearing with Mr. Gallagher. Ms. Betley appeared for the United States.

Mr. Beston admitted consuming alcohol in violation a condition of his supervised release, as alleged in the petition. However, he did not admit to any conduct alleged in the narrative portion of the petition. The undersigned found the admission sufficient to establish a violation, and believes the violation warrants revocation of Mr. Beston's supervised release.

Mr. Beston's violation is Grade C, his criminal history category is II, and his underlying offense is a Class B felony. He could be incarcerated for up to 36 months. He could be ordered to remain on supervised release for up to 50 months, less any custodial time imposed. The United States Sentencing Guidelines call for

four to 10 months in custody. U.S. Guideline Manual, Ch. 7. Ms. Betley and Mr. Gallagher agreed with those calculations.

Mr. Gallagher requested a sanction of six months incarceration, followed by supervised release with a condition that Mr. Beston reside in a pre-release facility for six months. Mr. Gallagher said Mr. Beston has struggled on supervised release in part because of an inability to secure employment. Unemployment is very high in the reservation community where Mr. Beston resides, and his felony conviction makes it impossible for him to find work, Mr. Gallagher explained. The lack of work or structure has made it difficult for Mr. Beston to resist substance abuse, Mr. Gallagher said. He argued that residence in a pre-release facility would help Mr. Beston develop the vocational and life skills he needs to live in the community.

Mr. Beston addressed the court. He also explained that he has been unable to find work. However, he said he is "sick of this life," and wants to change his behavior so he can end the cycle of incarceration.

Ms. Betley requested a 10-month period of incarceration. She argued that a custodial term at the high end of the guideline range is warranted by Mr. Beston's repeated violations of supervised release conditions. Ms. Betley agreed that supervised release with a period of residence in a pre-release facility is appropriate for Mr. Beston.

## III.  Analysis

Mr. Beston's supervised release should be revoked.  He violated a condition of his release by consuming alcohol.  Although he did not admit to the narrative portion of the petition, the allegations suggest his violation was a substantial one rather than a minor slip-up.

Mr. Beston should be incarcerated for ten months, with 40 months supervised release to follow.  While the undersigned recognizes Mr. Beston's barriers to employment and struggles with substance abuse, his repeated violations merit a custodial sanction at the top of the guideline range.  Mr. Beston has totally flouted conditions designed to benefit both himself and the community to which he was released.  In his most recent supervised release period, Mr. Beston went less than four weeks before he was caught violating conditions.

The maximum period of supervised release should be imposed because Mr. Beston's criminal history demonstrates that he poses a danger to the community when he abuses alcohol.  Supervised release will discourage such abuse. The supervised release conditions previously imposed should be maintained.

Some period in a pre-release center may benefit Mr. Beston.  However, admission to pre-release center is a likely obstacle.  If Mr. Gallagher can find an appropriate facility willing to admit Mr. Beston before the time to object to this

recommendation expires, he should bring it to the attention of the District Court.

## IV. Conclusion

Mr. Beston was advised that the above sentence would be recommended to Judge Morris. He was reminded of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Beston's objection, if it is filed within the alloted time, before making a final determination on whether to revoke Mr. Beston's supervised release and what, if any, sanction to impose.

The court **FINDS:**

1. Mr. Beston violated Special Condition 5 of his supervised release by consuming alcohol on or around April 19, 2014.

The court **RECOMMENDS:**

1. The District Court should enter the attached Judgment, revoking Mr. Beston's supervised release and committing Mr. Beston to the custody of the United States Bureau of Prisons for ten months, with 40 months supervised release to follow. The District Court should impose the same supervised release conditions previously imposed, which are fully set forth in the attached Judgment.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 1st day of May, 2014.

_/s/ Keith Strong_
Keith Strong
United States Magistrate Judge