IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR-07-73-GF-BMM-01 |
|---|---|
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| EVAN ALLEN BESTON, | |
| Defendant. | |

## I. Synopsis

Mr. Beston was accused of violating his conditions of supervised release by: (1) failing to participate in substance abuse testing; (2) failing to participate in and complete a program of substance abuse treatment; (3) consuming alcohol; and (4) failing to pay restitution. Mr. Beston's supervised release should be revoked. He should be sentenced to seven months of custody, with no supervised release to follow.

## II. Status

In August 2007, Mr. Beston pleaded guilty to Arson. Doc. 19. United States District Court Judge Sam E. Haddon sentenced Mr. Beston to 16 months in custody, with five years of supervised release to follow. The sentence was consecutive to a sentence Mr. Beston was serving for a separate juvenile arson

offense.  Doc. 26.  He began his first term of supervised release in June 2012.  Doc. 43.  Mr. Beston's supervised release was revoked in July 2013 because he violated conditions by using alcohol and methamphetamine.  Docs. 38, 40.  He was ordered to serve ten months in custody, with 50 months supervised release to follow.  Doc. 40.

Mr. Beston began his next term of supervised release on April 1, 2014.  Doc. 43.  On March 21, 2014, United States District Court Judge Brian Morris revoked his supervised release because he violated his conditions by consuming alcohol.  Mr. Beston was sentenced to ten months in custody, followed by 40 months of supervised release.  Doc. 51.  Mr. Beston began his current term of supervised release on February 13, 2015.  Doc. 55.

**Petition**

On June 22, 2015, the United States Probation Office filed a petition asking the Court to revoke Mr. Beston's supervised release.  Doc. 55.  Based on the petition, Judge Morris issued a warrant for Mr. Beston's arrest.  Doc. 56.  The Probation Office accused Mr. Beston of violating Special Condition 1 of his supervised release by failing to participate in substance abuse testing.  The Probation Office accused Mr. Beston of violating Special Condition 2 of his supervised release by failing to participate in and complete a program of substance abuse treatment.  The Probation Office also accused Mr. Beston of violating

Special Condition 5 of his supervised release by consuming alcohol. The petition alleged Mr. Beston violated Special Condition 10 of his supervised release by failing to make restitution payments as directed. Doc. 55.

**Initial appearance**

Mr. Beston appeared before the undersigned on September 3, 2015, in Great Falls, Montana, for an initial appearance. Federal Defender Anthony Gallagher accompanied him at the initial appearance. Assistant United States Attorney Bryan Dake represented the United States.

Mr. Beston said he had read the petition and understood the allegations. Mr. Beston waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

On September 3, 2015, Mr. Beston appeared with Mr. Gallagher before the undersigned for a revocation hearing. Mr. Dake appeared on behalf of the United States. Mr. Beston admitted that he violated the conditions of his supervised release. The violations are serious and warrant revocation of Mr. Beston's supervised release.

Mr. Beston's violation grade is Grade C, his criminal history category is II, and his underlying offense is a Class A felony. He could be incarcerated for up to 36 months. He could be ordered to remain on supervised release for 40 months,

less any custody time imposed.  The United States Sentencing Guidelines call for four to ten months in custody.

Mr. Gallagher suggested a sentence at the low end of the guideline range, pointing out that Mr. Beston's addictions are overwhelming and he is not amenable to recovery.  Mr. Dake recommended a sentence at the high end of the guideline range, followed by no supervised release.  Mr. Beston addressed the Court and said he wants to move on with his life.

### III.  Analysis

Mr. Beston's supervised release should be revoked because he admitted violating its conditions.  Mr. Beston should be sentenced to seven months of custody, with no supervised release to follow.  This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.  The undersigned is convinced that additional supervised release would not be appropriate in this case.  Even without a condition imposing him to pay restitution, the government can recover restitution payments.

### IV.  Conclusion

Mr. Beston was advised that the above sentence would be recommended to Judge Morris.  The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance.  The undersigned explained that Judge Morris would consider Mr. Beston's objection, if it is filed within the

allotted time, before making a final determination on whether to revoke Mr. Beston's supervised release and what, if any, sanction to impose.

The Court **FINDS:**

>1.  Evan Allen Beston violated Special Condition 1 of his supervised release by failing to report for substance abuse testing on April 24, 2015, May 26, 2015, and June 5, 2015.
>
>2.  Evan Allen Beston violated Special Condition 2 of his supervised release by failing to participate in and complete a program of substance abuse treatment by failing to report for treatment on April 22, 2015, May 26, 2015, June 1, 2015, June 3, 2015, and June 5, 2015.
>
>3.  Evan Allen Beston violated Special Condition 5 of his supervised release by consuming alcohol on April 27, 2015, May 13, 2015, and three other times between March 2015 and June 2015.
>
>4.  Evan Allen Beston violated Special Condition 10 of his supervised release by failing to make restitution payments as directed.  He has not made a restitution payment since August 15, 2012.

The Court **RECOMMENDS:**

>The District Court should enter the attached Judgment, revoking Mr. Beston's supervised release and committing Mr. Beston to the custody of the United States Bureau of Prisons for seven months, with no supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 14th day of September, 2015.

/s/ John Johnston
John Johnston
United States Magistrate Judge